IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SILVESTER PEREZ-AMAYA,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | ORDER DENYING PLAINTIFF'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br><br>Case No. 2:05-CV-00627 PGC |

Plaintiff Silvester Perez-Amaya brings a 28 U.S.C. § 2255 motion to correct his sentence from 70 months to 53 months according to the plea agreement he signed. For the reasons set forth below, Mr. Perez-Amaya's motion is hereby DENIED.

BACKGROUND

On February 4, 2004, Mr. Perez-Amaya was charged with one count of unlawful re-entry by a previously removed alien in violation of 8 U.S.C. § 1326. Mr. Perez-Amaya pleaded guilty and was sentenced to a term of 70 months plus 36 months of supervised release. He now asks the court to reduce his 70-month sentence to 53 months so that his sentence will match the term he allegedly agreed to in his plea agreement. He bases his motion on three grounds: (1) he was denied effective assistance of legal counsel; (2) the court, when it considered his prior

convictions in enhancing his sentence, violated the Fifth Amendment's Double Jeopardy clause; and (3) the court made procedural errors in violation of 18 U.S.C. § 3553(a) when it imposed his sentence.

## DISCUSSION

This court can only reconsider a criminal sentence under § 2255 if it was "imposed in violation of the Constitution or laws of the United States."[1]  As noted, Mr. Perez-Amaya alleges two constitutional violations: a Sixth Amendment violation and a Fifth Amendment violation. He also alleges a statutory violation.  Each of these alleged violations is discussed below.

A.    Ineffective Assistance of Counsel

To establish an ineffective assistance of counsel claim, Mr. Perez Amaya must show that his counsel's performance was significantly "deficient and that he was prejudiced by that deficiency."[2]  He alleges three specific deficiencies: first, that his counsel failed to prepare a motion objecting to portions of the presentence report; second, that his counsel failed to present the report to him; and third, that his counsel failed to argue against the court during sentencing. Mr. Perez-Amaya alleges that but for his counsel's errors, he might have insisted on going to trial instead of pleading guilty.

Mr. Perez-Amaya's argument that his attorney committed some error surrounding the presentence report is unpersuasive.  Mr. Perez-Amaya's sentence was enhanced based on (1) a

---

[1] 28 U.S.C. § 2255 (2000).

[2] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

prior felony drug conviction which he admitted in his statement in advance of his plea of guilty, and (2) his criminal history contained in the presentence report, including the fact that he was arrested for unlawful reentry while on probation.  As to the prior conviction, Mr. Perez-Amaya admitted it, and he cannot now contend that his counsel failed in some regard relating to the prior conviction.  As to the criminal history contained in the presentence report, the transcript of the sentencing hearing shows that Mr. Perez-Amaya's attorney contended strenuously against enhancement.  After the court rejected his attorney's arguments at sentencing, the Tenth Circuit affirmed the enhancement based on binding circuit precedent.[3]  Thus, no argument pertaining to the presentence report could have lowered the length of the sentence.

     Because of this, his counsel could not have been deficient in not preparing a motion objecting to portions of the presentence report.  While Mr. Perez-Amaya alleges that the presentence report contained numerous errors, he does not identify even a single specific error.  This indicates a failure by Mr. Perez-Amaya to show prejudice, as discussed below, and it also undermines his unsupported argument that his attorney was deficient in failing to present the report to him.  Finally, the transcript of his attorney's arguments before the court clearly show that his counsel argued strenuously against the relevant calculation in the presentence report — in other words, none of Mr. Perez-Amaya's three areas of concern are deficient attorney conduct.

     Furthermore, Mr. Perez-Amaya has failed to properly allege any prejudice occurring as a result of his counsel's alleged ineffectiveness.  While Mr. Perez-Amaya asserts that he might

---

[3] *United States v. Perez-Amaya*, 135 Fed. Appx. 134, 135-136 (10th Cir. 2005) (unpublished opinion) (quoting *United States v. Rosales-Garay*, 283 F.3d 1200, 1202-1203 (10th Cir. 2002)).

have chosen not to plead guilty and complains that he did not receive the 53-month sentence contained in his plea agreement with the government, these assertions do not suffice. Mr. Perez-Amaya, in his statement in advance of his plea of guilty, specifically recognized that the Court is not obligated to follow the government's recommendations. And even if Mr. Perez-Amaya had decided to go to trial, the Government very likely would have proven all elements of unlawful re-entry beyond a reasonable doubt.[4] Moreover, Mr. Perez-Amaya received a sentence at the low end of the sentencing range given his criminal history. The appropriateness of that sentence was affirmed on appeal.[5] These facts all show that Mr. Perez-Amaya has failed to prove prejudice as required for a finding of ineffective assistance of counsel.

B.    Fifth Amendment Double Jeopardy Claim

Plaintiff's contention that the court violated the Double Jeopardy clause of the Fifth Amendment when it considered his prior conviction in enhancing his sentence likewise fails. It is settled law that recidivism sentencing enhancements do not implicate the Double Jeopardy clause of the Fifth Amendment.[6] Mr. Perez-Amaya was sentenced only for the crime to which he pleaded guilty — illegal reentry by a felon. That crime carries a maximum penalty of twenty years,[7] a fact that Mr. Perez-Amaya explicitly recognized in his statement in advance of his plea of guilty. Thus plaintiff's Double Jeopardy argument fails.

---

[4]*See* 8 U.S.C. § 1325.

[5]*Perez-Amaya*, 135 Fed. Appx. at 136.

[6]*Booker v. United States*, 125 S.Ct. 738, 756 (2005) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 488 (2000)).

[7]8 U.S.C. § 1326(b).

### C. Procedural Errors under 18 U.S.C. § 3553(a)

Mr. Perez-Amaya's final contention is somewhat unclear, but amounts to an argument that the court violated the procedural requirements of 18 U.S.C. § 3553 in imposing his 70-month sentence. Specifically, Mr. Perez-Amaya argues that the court failed to make a statement in open court of its reasons for imposing the sentence given as required by § 3553(c), failed to take into consideration all relevant factors under § 3553(a) as required by *Booker v. United States*,[8] and incorrectly calculated the sentence according to the sentencing guidelines.

Mr. Perez-Amaya's *Booker* argument was already addressed on appeal, and in any case, the Tenth Circuit has held that *Booker* does not apply retroactively to 28 U.S.C. § 2255 motions.[9] Therefore, any argument predicated on alleged *Booker* improprieties is unpersuasive. Mr. Perez-Amaya has made no showing beyond a bare allegation that the calculation of the sentence was improper, and has therefore failed to raise any question as to the impropriety of the sentence calculation.

Mr. Perez-Amaya's contention that the court erred in failing to make a statement in open court of its reasons for imposing the sentence given is simply incorrect. As mentioned above, the sentence given was at the low end of the guidelines. The transcript of the sentencing hearing shows that the court addressed at length why the court accepted the sentence enhancements and why the court rejected the motion for downward departure from the sentencing guidelines. The

---

[8] 125 S.Ct. 738, 767 (2005).

[9] *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005).

Tenth Circuit found the rejection of the motion for downward departure "easily" reasonable on appeal.[10]  With this history in mind, Mr. Perez-Amaya's procedural contentions must be rejected.

## CONCLUSION

For all these reasons, the court did not improperly impose a sentencing enhancement.  Mr. Perez-Amaya's motion to correct and reduce his sentence pursuant to 28 U.S.C. § 2255 is DENIED.  The clerk's office is directed to close the case.

SO ORDERED.

DATED this 24th day of October, 2005.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[10] *Perez-Amaya*, 135 Fed. Appx. at 136.